UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

| | | |
|---|---|---|
| DAWN RUSSELL-ZABAD, | ) | |
| | ) | |
| Petitioner, | ) | Civil No. 3:14-42-GFVT |
| | ) | |
| v. | ) | |
| | ) | |
| JANET CONOVER, WARDEN, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Respondent. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Dawn Russell-Zabad is a prisoner confined at the Kentucky Correctional Institution for Women in Pewee Valley, Kentucky. Proceeding without an attorney, Russell-Zabad has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [R. 1], a motion to waive payment of the $5 filing fee [R. 2], and a motion to appoint counsel [R. 4].

The Court will deny Russell-Zabad's motion to waive payment of the filing fee as moot because she has already paid it. [R. 1-6] Even had she not done so, the documents she has filed [R. 3] indicate that she receives approximately $200.00 per month, providing her with ample funds to pay the $5.00 filing fee.

The petitioner also asks the Court to appoint counsel to represent her during this proceeding pursuant to 18 U.S.C. § 3006A(a)(2)(B). [R. 4] Because a habeas petitioner has no constitutional right to counsel, *Post v. Bradshaw*, 422 F.3d 419 (6th Cir. 2005), a district court has the discretion to determine whether appointment of counsel is warranted. *Mira v. Marshall*, 806 F.2d 636, 638 (6th Cir. 1986). In her petition, Russell-Zabad contends that a federal detainer lodged with state correctional authorities is invalid because after she agreed to plead guilty to her

federal offenses, a superseding indictment was entered which did not name her as a defendant, rendering her subsequent conviction and sentence void. [R. 1, pp. 6-8; R. 1-1, pp. 1-7] Because Russell-Zabad has sufficiently articulated the factual and legal basis for her claim, the Court concludes that neither due process nor the interests of justice require the appointment of counsel, and her motion will be denied.

The Court conducts an initial review of habeas corpus petitions. 28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). The Court must deny the petition "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)). The Court evaluates Russell-Zabad's petition under a more lenient standard because she is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). At this stage, the Court accepts the petitioner's factual allegations as true, and her legal claims are liberally construed in her favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

On August 3, 2010, Russell-Zabad (then Russell) and Percy Brown were indicted by a federal grand jury sitting in Louisville, Kentucky for their participation in a counterfeit check writing scheme in violation of 18 U.S.C. §§ 513, 1344. On August 12, 2011, Russell-Zabad pled guilty to the charges, and on September 2, 2011, the trial court accepted her guilty plea.[1] On November 8, 2011, she was sentenced to forty-one months in prison. *United States v. Russell*, No. 3:10-cr-101-CRS-1 (W.D. Ky. 2010). Shortly before Russell-Zabad's sentencing, on October 19, 2011, the United States entered a superseding indictment as to Brown, her co-

---

[1] Russell-Zabad's contention that the trial court rejected her plea [R. 1-1, p. 3] is refuted by the record. *United States v. Russell*, No. 3:10-cr-101-CRS-1 (W.D. Ky. 2010) [R. 37-39 therein].

conspirator. *United States v. Brown*, No. 3:10-cr-101-CRS-2 (W.D. Ky. 2010). In her petition, Russell-Zabad contends that because the superseding indictment against Brown did not name her as a defendant, the trial court lacked jurisdiction to convict or sentence her, rendering her conviction, and hence the federal detainer based upon it, void. [R. 1-1, pp. 2-5]

Russell-Zabad is barred from pursuing this claim because she expressly waived the right to collaterally attack her conviction and sentence in her plea agreement. *United States v. Russell*, No. 3:10-cr-101-CRS-1 (W.D. Ky. 2010) [R. 93 therein, pp. 2-3]. Such waivers are enforceable in habeas proceedings under § 2241 and preclude the assertion of the claim asserted by petitioner here. *Cf. Solis-Caceres v. Sepanek*, No. 13-21-HRW, 2013 WL 4017119, at *3 (E.D. Ky. Aug. 6, 2013) (collecting cases); *Peete v. United States*, No. 11-cv-2242, 2013 WL 3199834, at *1-2 (C.D. Ill. June 24, 2013); *Gonzalez v. Warden of MCC New York*, No. 12-Civ. 6910, 2013 WL 144956 (S.D.N.Y. Jan. 14, 2013).

Even if Russell-Zabad were permitted to assert her claim, as the Court has previously explained to her, a habeas petition filed pursuant to § 2241 is not the proper vehicle to attack the validity of her conviction. *See Russell v. Conover*, No. 3:12-cv-41-DCR (E.D. Ky. 2012). While petitioner couches her challenge as one to the validity of the federal detainer, the sole basis for that contention is her assertion that the trial court lacked jurisdiction to convict her in the first instance, a claim which could and should have been brought on direct appeal or pursuant to 28 U.S.C. § 2255. *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 2003). A habeas petitioner may not utilize 28 U.S.C. § 2241 as an additional or alternative remedy to the one available under § 2255. *Hernandez v. Lamanna*, 16 F. App'x 317, 320 (6th Cir. 2001). Nor does the "savings clause" in 28 U.S.C. § 2255(e) apply where petitioner does not contend that subsequent Supreme Court authority has rendered her conduct non-criminal. *Hayes v. Holland*, 473 F.

App'x 501, 501-02 (6th Cir. 2012). Because Russell-Zabad's jurisdictional challenge is one which must be pursued under § 2255, her petition for relief under § 2241 must be denied.

Accordingly, **IT IS ORDERED** that:

1. Russell-Zabad's motion to waive payment of the $5.00 filing fee [R. 2] is **DENIED AS MOOT**.

2. Russell-Zabad's motion to appoint counsel [R. 4] is **DENIED**.

3. Russell-Zabad's petition for a writ of habeas corpus [R. 1] is **DENIED**.

4. The Court will enter a judgment contemporaneously with this order.

5. This matter is **STRICKEN** from the docket.

Entered: May 21, 2014.

Signed By:
*Gregory F. Van Tatenhove*
United States District Judge